# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

REYNA CAPITAL CORP.,

    Plaintiff,  :  Case No. 3:04-cv-457

    -vs-  :  Chief Magistrate Judge Michael R. Merz

POWERSPORTS, INC., et al.,

    Defendant.  :

## DECISION AND ORDER

This case is before the Court on Plaintiff's Motion to Remand (Doc. No. 3) and Defendants' Motion to Transfer Venue to the Southern District of Florida (Doc. No. 5).

This case was initially filed in the Montgomery County Common Pleas Court and removed here in December, 2004. Defendants assert the Court has original subject matter jurisdiction by virtue of the diverse citizenship of the parties, Plaintiff being an Ohio corporation and all of the Defendants being Florida corporations with their principal places of business there.

### Motion to Remand

Plaintiff does not dispute the diversity, but essentially claims Defendants waived their right of removal by agreeing to ¶20(e) of the Master Lease Agreement on which suit is brought. That clause provides:

> This MLA is made and to be performed in Ohio and the rights of the parties (except for local recording or filing statutes) will be construed and enforced under the internal laws of Ohio applied to contracts

1

>wholly executed and performed in Ohio between Ohio residents. You submit to the personal jurisdiction of the courts of Ohio and agree that the courts of Ohio will be the sole and exclusive forum in which you or Reyna may bring an action of any nature arising out of this MLA or the transactions relating thereto, whether such action is based upon contract or any other legal theory.

(Quoted at Doc. No. 3, 2-3. Language appears all in capitals in the original.) Plaintiff also relies on language in the guaranty agreements with Defendants other than Powersports, Inc., which provides: "This Guaranty Agreement shall be governed by the laws of the State of Ohio as applied to contracts entered into and to be performed in that state between residents thereof." *Id*. at 3.

Plaintiff makes two arguments based upon this contractual language. First, it says, the language is a clear forum selection provision and "courts of Ohio" means only "state courts of Ohio." Second, Defendants have by "clear contractual language determined themselves to be Ohio residents for the purposes of forum selection" and therefore "diversity does not apply."

Defendants concede that the right to remove can be waived, but contend the language relied upon does not constitute such a waiver. In *Regis Associates v. Rank Hotels (Management), Ltd.*, 894 F. 2d 193 (6th Cir. 1990), the court held that waiver of the right to remove must be clear and unequivocal. It held the following language insufficient to accomplish such a waiver: "The interpretation and application of this Agreement shall be governed by the law of the State of Michigan and the parties hereby submit to the jurisdiction of the Michigan Courts." *Id*. at 194. It noted that such language is reasonably interpreted as providing for a choice of law and forum; that choice is then backed up with a waiver of any objection to lack of personal jurisdiction. It noted further that the same (Michigan) law would be applied regardless of whether the case was heard in state or federal court in Michigan.

The language relied upon by Plaintiff is certainly no more explicit a waiver of the right to remove than that held insufficient in *Regis Associates*. This Court concludes that Defendants have not explicitly waived their right to remove to federal court by the language cited by Plaintiff.

2

Plaintiff also contends that diversity does not apply because Defendants have "determined themselves to be Ohio residents" for the purposes of forum selection. This would amount to having a corporation choose where it is a citizen in derogation of 28 U.S.C. §1332(c) which provides where corporations are citizens for purposes of diversity jurisdiction and venue. However, "no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant." *Ins. Corp. of Ireland. v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 702 (1982), citing *California v. LaRue,* 409 U.S. 109 (1972). Just as no action of parties can confer subject matter jurisdiction, so no action of parties can destroy that jurisdiction.

Therefore, the Motion to Remand is DENIED.

### Motion to Transfer Venue

Defendants move to transfer the venue of this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1404(a). That statute provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Defendants acknowledge that such a motion is committed wholly to the discretion of the district court, citing *Stewart Organization, Inc., v. Ricoh Corp.*, 487 U.S. 22 (1988). *See also Van Dusen v. Barrack*, 376 U.S. 612 (1964).

In *Stewart Organization*, the Supreme Court held that a forum selection clause is not determinative of a motion under §1404(a), but such a clause "will figure centrally in the calculus". 478 U.S. at 29. It adhered to its interpretation of §1404(a) in *Van Dusen* that that statute calls for an "individualized, case-by-case consideration of convenience and fairness." 376 U.S. at 622.

In applying §1404(a) to this case, the Court notes first of all that the parties, all of whom appear to have been sophisticated businesses operating at arms length, agreed on an Ohio forum and on the governance of Ohio law. Thus to transfer the case to Florida would ignore the forum selection clause and require the Florida federal court to apply Ohio law. This result would hardly give the forum selection clause its appropriate central place in the calculus.

Secondly, Defendants' principal argument for transfer is that there is already litigation pending between these parties (actually Plaintiff's parent company) in the Circuit Court of the 15th Judicial District (Palm Beach County). However, because that action is pending in state court, there is none of the convenience of consolidation under Fed. R. Civ. P. 42 available to the parties. In other words, if transfer occurred, the parties would still be engaged in two separate lawsuits in different courts.

Defendants argue that their employees are in Florida and these transactions were negotiated in Florida, but those facts were known to Defendants when they negotiated the forum and law selection clauses. The parties have not shown who their witnesses will be at the trial of this case, but assuming an equal number of witnesses on each side and that all of Plaintiff's witnesses are in Ohio and all of Defendants' witnesses are in Florida, the convenience or inconvenience of the parties' is equally balanced regardless of the forum.

Weighing the factors made relevant by 28 U.S.C. §1404(a), the Court concludes that the case should not be transferred. The Motion to Transfer is DENIED.

**Scheduling**

The foregoing decisions affect the parties Fed. R. Civ. P. 26(f) Report (Doc. No. 8). Counsel will confer to prepared an amended report and file the same not later than June 20, 2005. This case

is hereby set for preliminary pretrial conference by telephone at 8:45 A.M. on June 23, 2005.  If either of these settings is inconvenient for counsel, they shall confer with one another and the undersigned's judicial assistant, Veda Kelley, to obtain a new date.

June 9, 2005.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge